UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMICKO MURRAY McIVER,

                              Plaintiff,

        -against-

DEP'T OF SOCIAL SERVICES; LATOYA
CLARKE; MRS. VANLAN; MRS.
BARBARA CARTY,

                              Defendants.

19-CV-10584 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated her rights.

By order dated January 22, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action invoking both the Court's federal question and diversity jurisdiction. She sues the Westchester County Department of Social Services ("DSS") and four of its employees from the White Plains District Office – Latoya Clarke, a temporary case worker; Mrs. Vanlan, a case worker; and Mrs. Barbara Carty, a housing case worker.

The complaint is not a model of clarity. Plaintiff provides the following statement as the federal constitutional or statutory basis for this action, verbatim:

> I have distinctly gave, faxed emailed, mailed, dropped handing in, talked on phone wrote letters & DSS went along with what ever decision to hurt me. My food stamps were shut off with no notice letter in the mail no email nothing I have

no food for the month of November DSS is starving me for over 26 days and denying me money for bills, soap washing clothes dish detergent How rude of Illuminatti.

(ECF No. 2, 2.) Plaintiff alleges that the alleged violations occurred on the phone between September 9, 2019, and October 31, 2019, and she asserts the following as the facts in support of her claims:

> Mrs. Clark has had me arrested on lies lies lies. We never spoke until a Friday when she harassed me on my live in boyfriends cell phone. While I was on my way to mental health. defamation of character. they lied & stated they never knew I left the VOA shelter!

> I do not owe DSS no more than $1000.00 but I had about 5 or 6 fair hearing & more & never talk about my PA just my 2 storages

> I have tons of paperwork I cannot afford to pay to make copies

> I am deprived of money $22.50 which was suppose to be $70.00 or $90.00 Ive been cheated now thats from 9/1/19 to current. & now I was going to replace a EBT card they depriving me to eat now I havent eaten in my home since October 25, 2019 I know I wont win but it feels good as a bottom feed to fill out the papers & waiste time

> I'm on my 6th fair hearing with DSS

> Never receive any mail at my new address from DSS Being fraud, spitfull, rude liars evil Illuminatti.

(*Id*. at 5-6.)

> Plaintiff asserts the following injuries:

> Criminal charges, defamation of character Hippo Law breach of contract neglect of reported information. My light bill is due. For shut off. & I have no food no warning to letter no chance to fight A wicked system for bottom feeders.

(*Id*. at 6.) She seeks monetary compensation.

## DISCUSSION

Because Plaintiff claims that DSS and its employees violated her federal constitutional and statutory rights, the Court construes the complaint as asserting claims under 42 U.S.C.

§ 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.  Due Process Claim

As Plaintiff asserts that her benefits were terminated without any notice, the Court understands her claim to be that she was deprived of procedural due process, which violated her right under the Fourteenth Amendment. To state a § 1983 due process claim, a plaintiff must "demonstrate that [she] possessed a protected liberty or property interest, and that [she] was deprived of that interest without due process of law." *Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998); *see Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, due process requires some kind of hearing prior to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). "[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg*, 397 U.S.at 262 & n.8); *see also M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 432 (S.D.N.Y. 2006) ("Persons who are qualified to receive welfare benefits have a legitimate claim of entitlement to such benefits."). In the context of public assistance benefits,

due process typically requires predeprivation notice and an opportunity to be heard. *Goldberg*, 397 U.S. at 260-61; *Hart v. Westchester Cty. Dep't of Soc. Servs.*, No. 98-CV-8034 (KNF), 2003 WL 22595396, at *4 (S.D.N.Y. 2003). However, where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate postdeprivation remedy); *Rivera–Powell v. New York City Bd. of Elections,* 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy.").

New York State law provides such a postdeprivation remedy. Under New York law, access to postdeprivation process such as a fair hearing pursuant to N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and the availability of further review in the state courts in an Article 78 proceeding have been found to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs. *See Banks v. HRA*, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Although Plaintiff asserts that her public assistance benefits were terminated without any notice, she does not allege any facts suggesting that she was denied a meaningful opportunity to be heard before DSS terminated the benefits. In fact, she repeatedly asserts that she had multiple fair hearings concerning her benefits, and indicates that at the time she filed this complaint, her sixth fair hearing was pending. Nor does Plaintiff allege that she sought review of the matter in

state court through Article 78 proceedings. As Plaintiff had an opportunity to participate in several fair hearings, and could file an Article 78 proceeding in state court regarding the termination of her benefits, *see* N.Y.C.P.L.R. § 7801 *et seq.*, she fails to state a claim for denial of due process.

But in an abundance of caution and in light of the Second Circuit's direction to provide a plaintiff an opportunity to amend the complaint unless it would be futile for the plaintiff to do so, *see Hill v. Curcione*, 657 F.3d 116, 123– 24 (2d Cir. 2011), the Court grants Plaintiff leave to submit an amended complaint. Should Plaintiff choose to submit an amended complaint, she must provide a concise statement of the facts underlying her claims and state facts indicating that she was deprived of the opportunity to be heard before DSS terminated her benefits.

## B.     False Arrest Claim

Plaintiff's assertion that Defendant Clarke had her arrested based on lies could be construed as a claim for false arrest under § 1983. To state a § 1983 false arrest claim, a plaintiff must allege that the defendants deprived her of her Fourth Amendment rights by intentionally confining her without her consent and without justification.[1] *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). An arrest is privileged if it is based on probable cause. *Jenkins v. City of N.Y.*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (internal quotation marks and citations omitted). "When information is received [by an officer] from a putative victim or an eyewitness,

---

[1] For the elements of a § 1983 false arrest claim, the Court first looks to state law. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State).

probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).

Plaintiff seeks to hold Defendant Clark liable for her arrest. But a complainant cannot be held liable on a claim for false arrest merely for seeking police assistance or providing information to the police, who is then free to exercise their own judgment whether an arrest is warranted. *See Kraft v. City of New York*, 696 F. Supp. 2d 403, 42122 (S.D.N.Y. 2010); *Holley v. Cty. of Orange, New York*, 625 F. Supp. 2d 131, 142-43 (S.D.N.Y. 2009). "To hold a defendant liable as one who affirmatively instigated or procured an arrest, a plaintiff must show that the defendant or its employees did more than merely provide information to the police." *King v. Crossland Sav. Bank*, 111 F.3d 251, 257 (2d Cir. 1997); *see also Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000) ("The mere reporting of a crime to police and giving testimony are insufficient [to initiate prosecution]; it must be shown that [the] defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.") (citations omitted).

Here, Plaintiff asserts that Defendant Clark lied to have her arrested, but she does not describe the circumstances of the arrest, such as what events gave rise to the arrest, what Defendant Clarke allegedly lied about, or what happened during the resulting criminal proceedings. Plaintiff fails to include any facts about the role Defendant Clarke played in her arrest. In addition, even if Defendant Clarke provided false information to the police, Plaintiff does not allege any facts indicating that the police failed to conduct an independent evaluation of the circumstances leading to her arrest, or that the police lacked probable cause to arrest her. Plaintiff fails to state a false arrest claim against Defendant Clarke, because Plaintiff fails to

allege any facts suggesting that Defendant Clarke had any intent to have her confined and instigated her arrest for that reason.

Because of the lack of sufficient facts in the complaint, the Court cannot definitively say that there is no set of facts on which Plaintiff may be able to assert a false arrest claim. The Court therefore grants her leave to assert in her amended complaint any facts to support her false arrest claim. Plaintiff must describe the circumstances of her arrest and state what Defendant Clark did or said. Plaintiff should allege facts indicating that Defendant Clarke took an active role in her arrest, such as importuning the police to act with the intent to confine Plaintiff. Further, Plaintiff should also allege any facts suggesting that the police failed to exercise their independent judgment and that there was no probable cause to arrest her.

C.      State-Law Claims

Finally, Plaintiff, invoking the Court's diversity jurisdiction, asserts state-law claims of defamation of character and breach of contract. But Plaintiff fails to allege facts demonstrating that the Court has diversity jurisdiction over her state-law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendants reside in New York, precluding complete diversity of citizenship.

The federal district courts have, however, supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.

§ 1367(a); *see Lastra v. Barnes and Noble Bookstore*, No. 11-CV-2173 (RWS), 2012 WL 12876, at *8 (S.D.N.Y. Jan. 3, 2012). Section 1367(c) "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise," *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997), and it includes a provision stating that a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because it is not clear whether Plaintiff can state any federal claims, the Court reserves judgment on whether to exercise its supplemental jurisdiction over potential state law claims.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims as described above. Should Plaintiff choose to file an amended complaint, the Court strongly encourages her to ask for assistance from someone who can help her organize her thoughts and claims. If Plaintiff needs legal advice related to this matter, she may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of a flyer with details of the clinic is attached to this order.

In the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

9

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-10584 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 14, 2020
         New York, New York

COLLEEN McMAHON
Chief United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

---

**The Hon. Charles L. Brieant Jr. Federal Building and Courthouse**
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
12 p.m. - 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                Middle Initial        Last Name

_____
Street Address

_____
County, City                          State                Zip Code

_____
Telephone Number                 Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                     State           Zip Code

Defendant 2: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                     State           Zip Code

Defendant 3: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                     State           Zip Code

Defendant 4: _____

First Name                     Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                     State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.